# STATE OF FLORIDA v HENDERSON

## Case No. 8708078

County Court, Indian River County

September 3, 1987

## APPEARANCES OF COUNSEL

**Ed Shipe,** Assistant State Attorney, for plaintiff.

**George B. Turner** for defendant.

## OPINION OF THE COURT

DANIEL KILBRIDE, County Judge.

This Court, having come to be heard on Defendant's Motion to Suppress the Defendant's blood alcohol content, and having heard testimony of witnesses for the State, witnesses for the Defendant, and argument of counsel, and being fully advised in the premise of the Motion to Suppress, does hereby find:

1. that the issue which was heard by the Court consists of whether

Sgt. Catalone of the Sebastian Police Department had probable cause to believe that a passenger in the automobile driven by the Defendant and involved in the traffic accident on June 13, 1987, in Sebastian, Florida, had incurred serious injury in the collision so as to fall within the perimeters of Fla. Stat. 316.1933 (1986).

2. That upon the officer's arrival and throughout the passenger's transportation to the hospital, the passenger was coherent and commenting of injury to his side.

3. That with the degree of damage to the motor vehicle occupied by the passenger, Sgt. Catalone had founded suspicion to believe the occupant could be seriously injured.

4. That under Fla. Stat. 316.1932 (1986), the Legislature provides a means for the accused to refuse a blood test with administrative and judicial consequences.

5. That Fla. Stat. 316.1933 (1986) provides an exception to Fla. Stat. 316.1932 (1986). This exception states that a police officer who has probable cause to believe that a driver, while under the influence of an alcoholic beverage to the extent that his normal faculties are impaired, and involved in a traffic accident which involves serious bodily injury or death, must submit to a blood test.

6. That the Legislature emphasized that in Fla. Stat. 316.1933 (186), the type of injury was defined as a ". . . physical condition which creates a substantial risk of death; serious, personal disfigurement; or protracted loss or impairment of the function of any bodily member or organ."

7. That under *State v. Jackson,* 456 So.2d 916 (1st DCA 1984), the Court states that an officer's contention of probable cause should be ". . . based upon reasonably trustworthy information. . . ."

8. That although police officers are not expected to wait extended periods of time to ascertain the extent of the injuries, Sgt. Catalone had an obligation to pursue and ascertain in a reasonable time the extent of the injuries by available means.

9. That such available means were present at the Sebastian Hospital where Sgt. Catalone had a conversation with believed to be hospital personnel inquiring as to the injury of the passenger.

10. That the unidentified personnel stated something to Sgt. Catalone which Sgt. Catalone thought to be "fractured ribs and punctured or bruised organ".

11. That the failure of the officer to ascertain the identity of the

**85**

alleged hospital personnel provide the premise that a reasonable person could not acknowledge such information obtained by such personnel as being reasonably trustworthy and justifiably reliable.

12. Therefore, the arresting officer did not have probable cause to believe that the passenger in the defendant's vehicle had sustained serious bodily injury. WHEREFORE, this Court does:

ORDER AND ADJUDGE that the Motion to Suppress is hereby granted.

DONE AND ORDERED in Chambers in Vero Beach, Indian River County, Florida, this 3rd day of September, 1987.